JOHN M. MAYER, RESPONDENT, *v.* THE EQUITABLE
RESERVE FUND LIFE ASSOCIATION, APPELLANT.

*Mutual benefit life assurance companies*— 1883, *chap.* 175 — *duty of such companies
to resist the payment of illegal claims.*

| 42 | 237 |
| 78 | 193 |

This action was brought to recover an amount alleged to be due, under a mutual
benefit life assurance certificate, to the plaintiff, as the assignee of one
Stephan, to whom a certificate of membership in the defendant's associa-
tion had been issued. The defendant is an association, organized under
chapter 175 of 1883, for the purpose of mutual benefit life assurance.
Upon the trial the defendant offered to show the invalidity of the plain-
tiff's claim by proving the falsity of certain representations made by
Stephan upon procuring the certificate, which representations were made a
part of the contract. This evidence was excluded, under the objection of the
defendant, upon the ground that as the defendant had acquired the money
sought to be recovered by virtue of assessments levied upon and paid by its
members for the purpose of paying the claim, it thereby became the agent of
its members for the purpose of paying the money upon the claim and had no
right to contest its validity or withhold the payment of the money.

*Held*, that the court erred in so excluding the evidence; that it was the duty of
the defendant to protect its members and the fund in its hands from all invalid
claims.

APPEAL from a judgment in favor of the plaintiff, entered at the
Ulster Circuit upon a verdict directed by the court.

The action was brought upon a certificate of membership in the
defendant's association (an association organized under chapter 175
of 1883 for the purpose of mutual benefit life assurance), issued to
Charles Stephan, which was alleged to have been assigned to the
plaintiff, to recover a sum of money claimed to be payable under
the beneficiary clause of such certificate.

*Lucius McAdam* and *Samuel Fleischman*, for the appellant.

*E. S. Wood*, for the respondent.

LANDON, J.:

The defendant offered evidence tending to show the invalidity of
the plaintiff's claim. This evidence was excluded upon the assump-
tion that the defendant acquired the money in question by virtue of
assessments levied upon and paid by its members for the purpose

of paying the claim, and thereby the defendant became the agent of the members for the purpose of paying the money upon the claim, and, therefore, had no right to contest its validity or withhold its payment.

We do not think the facts justify such an assumption. The money was assessed by the defendant upon its members and paid by them under their contracts for insurance with the defendant. These contracts provided that "upon the occurrence of the death of any of its members" the assessment might be levied. The assessment, in this instance, was levied by the defendant upon the occurrence of the death of Charles Stephan, who held, at the time of his death, the defendant's contract of insurance upon his life. That contract was either valid or invalid. By its terms, and by the terms of the constitution and by-laws of the defendant, which were a part of the contract, its validity depended upon the truth of the material representations made by Stephan upon procuring it. The right to payment under the contract depended upon its validity, or, at least, upon the inability of the defendant to show its invalidity. That invalidity it offered evidence tending to show. The defendant was, in a certain sense, the agent of the members of the company, but was an agent with special and defined powers and limitations, and the true and obvious construction of these powers and limitations forbade payment upon a claim which it was able to show was procured through misrepresentation or fraudulent suppression of facts, concerning which it required answers from Stephan when he applied for membership. That it had realized the money with which to make payment was no waiver of its duty to see to it that payment was due. That duty it still owed to its members, who had paid their assessments trusting to the fidelity of the company to protect them and the fund from invalid claims.

We think the defendant was entitled to prove the facts which it offered in defense.

Judgment reversed and new trial granted, costs to abide the event.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment reversed and new trial granted, costs to abide event.